ANSTEAD, C.J.,
specially concurring.
While I agree with the majority in upholding the violations of Canon 7 found by the Judicial Qualifications Commission, I find the determination of appropriate discipline to be a more difficult and close issue. Although the majority opinion does not say so explicitly, it is apparent that the majority has found the election campaign abuses demonstrated here to be similar to those found in In re McMillan, 797 So.2d 560 (Fla.2001).
In addition to the evidence cited by the majority, the testimony that appears most supportive of the majority’s decision is that of United States District Court Judge Lacey Collier. Indeed, Judge Collier’s testimony is compelling in its condemnation of the campaign tactics involved herein precisely because such tactics misrepresent the proper role of the judiciary and seriously undermine the public’s perception and confidence in a fair, impartial, and independent justice system.
Perhaps most importantly, Judge Collier explained why the campaign’s improper claim that judges should be strictly bound to follow the currently prevailing popular will was particularly damaging to the public’s understanding of the proper role of our system of justice:
Q. All right. Judge, if you would refer to page 7 of Exhibit 8. And do you see the statement, about halfway down made by Candidate Kinsey that, quote, “It’s the same law, but judges are accountable to the community. A judge’s responsibility is to make sure,” ellipsis, “that it’s absolutely the reflection of what the community wants”?
A. Yes, sir.
Q. Judge, do those kind of remarks, in your view, have any effect on the public’s perception of the judiciary?
A. That is an absolute misstatement of the role of the judiciary. It is simply not appropriate that a judge reflect what the community wants.
And I think the best example of that is the old concept that a lynch mob is the perfect democracy for everyone except the victim. And that is probably the strongest way of suggesting that this is grossly improper, to make that statement and make that the expectation of the public.
Q. Judge, do have you any personal views on the propriety of judicial elections?
A. Yes, sir.
Q. And can you share those views with the Commission, please?
A. Well, I don’t know how — how much of my feelings you want, but I think the easiest way to get into it is that it is — it is often argued in political circles and discussions, academics and otherwise, that if our founding fathers came back today and drove down the street after landing in their spaceship and saw a sign that says, “Vote for John Jones as county judge,” they’d get back on the plane and leave because they *94 would be convinced that they’d made a wrong turn and landed in the wrong country because it didn’t resemble anything that they had envisioned when they created what they thought was an independent judiciary.
And elections, it is argued by many thinkers, is simply incompatible with an independent judiciary because it suggests this very thing, that the judicial decisions should be a reflection of the community and what the community wants.
And that’s the troubling aspect of elections such as this that we’ve had in this county and circuit this past time, is that if that becomes the public’s expectations — -that they’re going to dictate to the judges — if that were to continue to its ultimate, then they would be dictating to judges because the judge would have grave concern about any case; in particular, cases of public interest.
And I would suggest that the defendant in those type of cases might be ill-served by that type of attitude forced upon the judiciary by the expectation of the public as suggested here, that judges and their decisions should be an absolute reflection of what the community wants.
Q. Now, Judge, have any of your opinions and statements here today been affected by your personal views on the propriety of judicial elections?
A. No. I totally and completely support the laws in Florida; suggest that— I think judicial elections, while they might not be in the absolute best interest of the public or the system, but they can be done properly.
We’ve had elections in and about this county and this circuit that did not seem to be conducted with the same rancor and deception, disgusting performance, that we saw in these elections.
And so my statements are not a condemnation of the system as a whole. I think it can operate if people properly have respect for the system and stay within the bounds of propriety.
While the issue of discipline is close, I am moved by the force of Judge Collier’s testimony to join the majority’s conclusion.